UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. HUMMELL,<br><br>               Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. SACV 16-00987-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On May 27, 2016, Jeffrey P. Hummell ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on September 15, 2016. On December 5, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 53-year-old male who applied for Social Security Disability Insurance benefits on July 3, 2013, alleging disability beginning March 1, 2013. (AR 15.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 15, 2013, the amended alleged onset date.[1] (AR 17.)

Plaintiff's claim was denied initially on September 25, 2013, and on reconsideration on February 4, 2014. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") John W. Wojciechowski on November 12, 2014, in Orange, California. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by co-representative Sandra Haas.[2] (AR 15.) Vocational expert ("VE") Alan Boroskin also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on January 7, 2015. (AR 15-27.) The Appeals Council denied review on April 4, 2016. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ erred in his evaluation of the opinions of the treating, examining, and/or reviewing physicians.
2. Whether the ALJ erred in his evaluation of Plaintiff's credibility and subjective symptoms.
3. Whether the ALJ erred in his evaluation of Plaintiff's severe impairments.

---

[1] At the November 12, 2014 hearing Claimant, through his representative, amended his alleged onset date to December 15, 2013. (AR 15.)

[2] Claimant was represented by main representative Evelyn Rosenthal and co-representative Sandra Haas but only Sandra Haas appeared and represented Claimant at the November 12, 2014 hearing. (AR 15.)

2

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

3

in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

      If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 15, 2013, the amended alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: lumbar degenerative disc disease and right knee osteoarthritis. (AR 17-18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 18.)

The ALJ then found that Plaintiff has the RFC to perform a reduced range of light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> Claimant can lift and/or carry twenty pounds occasionally, ten pounds frequently; Claimant can stand, walk or sit for six hours out of an eight-hour workday; Claimant can occasionally climb, kneel, stoop, crawl and crouch; Claimant cannot climb ladders, ropes or scaffolds; Claimant can frequently balance; Claimant must all (*sic*) exposure in the workplace to industrial hazards, primarily unprotected heights and moving machinery and not including operation of a motor vehicle.

(AR 18-25.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 21.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a truck driver and loader/unloader. (AR 25.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of deliverer of car rentals, telephone directory distributor driver, hand packager, and assembler. (AR 26-27.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 27.)

**DISCUSSION**

## I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ erred in rejecting the opinion of treating physician Dr. Jeff Dobyns. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495

F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Plaintiff is a former truck driver who alleges he no longer can work due to right knee, right shoulder, and back pain. (AR 19.) He claims he cannot lift any weight without extreme pain, uses a cane for walking, and is unable to tie his shoes. (AR 19.) He said he experiences pain with walking, lifting, and prolonged sitting. (AR 20.)

The ALJ, however, assessed a reduced range of light work RFC and concluded that there were jobs in the national economy that Plaintiff can perform. (AR 18, 26-27.) In determining Plaintiff's RFC, the ALJ gave great weight to the January 25, 2014 opinion of the consulting orthopedic examiner, Dr. Payam Moazzaz. (AR 22, 24.) Dr. Moazzaz found Plaintiff had a normal range of motion of the cervical spine, elbows, wrists, hands, hips, ankles, and feet. (AR 22.) Claimant had full motor strength, normal sensation, and normal reflexes. (AR 22, 24.) Although there was a decreased range of motion of the thoracolumbar spine and some pain in the right knee, Plaintiff had only a slightly antalgic gait, only mild tenderness in the paraspinal musculature, and negative straight leg raising. (AR 22, 24.) Dr. Moazzaz diagnosed Plaintiff with right knee degenerative joint disease, and spondylosis and

spondylolisthesis. (AR 22.) She also opined that Plaintiff could do light work, could sit, stand, or walk six hours in an eight hour workday, and could occasionally perform postural activities. (AR 22.) State agency medical consultants also concluded that Plaintiff could perform a reduced range of light work. (AR 23-24, 62-71, 73-85.) The ALJ found that the medical consultants' opinions were consistent with Claimant's medical records and the objective medical evidence, which reveal "grossly conservative medical treatment." (AR 24.)

In contrast to the evidence above, Plaintiff's treating physician Dr. Jeff Dobyns opined that Plaintiff's limitations precluded all work. On July 23, 2013, Dr. Dobyns diagnosed Claimant with moderate osteoarthritis of the right knee, grade one lumbar spondylolisthesis, and right shoulder tendonitis. (AR 22.) In 2014, Dr. Dobyns opined Plaintiff could not lift, could stand or sit only 2 hours in an eight hour workday, and had marked limitation with regard to activities of daily living. (AR 23.) He opined Plaintiff required a cane and would miss more than 3 days of work a month. (AR 22, 23.) Inexplicably, Plaintiff asserts that Dr. Dobyns' opinions are supported by Dr. Moazzaz' findings even though Dr. Moazzaz assessed Plaintiff a reduced range light work RFC. Plaintiff does not address Dr. Moazzaz' conflicting RFC or acknowledge the findings of the State agency medical consultants.

The ALJ, moreover, gave little weight to Dr. Dobyns' opinions, primarily because he did not provide medically acceptable clinical or diagnostic findings to support his functional assessments. (AR 24.) Plaintiff challenges the ALJ's finding, but an ALJ may discount a treating physician's opinion that does not have supportive objective evidence, is contradicted by other assessments, is unsupported by the record as a whole or by objective findings, and is inconsistent with his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004). The ALJ exhaustively set forth numerous instances in which Dr. Dobyns' opinions were unsupported by or contradicted by the objective medical evidence, including and in particular by his own findings and treatment notes. (AR 20-23.) The ALJ found that, despite low back tenderness, Claimant had lateral and extension motions within normal limits, a negative straight leg raising test, no palpable muscle spasm in the back, no swelling or effusion of the right knee with range of motion without crepitance, and no ligamentous laxity. (AR 24.)

An X-ray of the right knee revealed essentially negative findings with good remaining medial and lateral joint space and no significant osteophyte. (AR 24.) These findings are reflected in Dr. Dobyns' own treatment records of physical examinations on March 18, 2013, April 15, 2013, June 24, 2013, July 24, 2013, and August 28, 2013, (AR 20-21) and in similar findings in November and December 2014. (AR 23.) The ALJ appropriately concluded that Claimant's treatment records support a finding that he can perform a reduced range of light work. (AR 24.)

Plaintiff disagrees with the ALJ's interpretation of the medical evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected Dr. Dobyns' RFC for specific, legitimate reasons supported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ erred in rejecting his subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is

evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.   Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 21.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms "not credible." (AR 21.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Claimant's treatment records and the objective medical evidence are inconsistent with Plaintiff's pain allegations and that the medical evidence supports a reduced range of light work RFC. (AR 21, 24.) An ALJ may consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The Court fully addressed the medical evidence and medical opinion testimony that support the ALJ's RFC.

Second, the ALJ found that Plaintiff only received conservative treatment. (AR 17-18, 20-21, 24.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. The ALJ found that Plaintiff's right shoulder tendonitis was being managed medically and amenable to control with medication compliance. (AR 17-18.) No aggressive treatment was recommended or anticipated. (AR 18.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff did not receive the type of treatment one would expect for total

disability, especially for the right knee. (AR 20-21.) The same is true for Plaintiff's lower back pain, for which he used a cane and received physical therapy. (AR 21-23.)

Third, the ALJ found that Plaintiff's activities of daily living are compatible with competitive work. (AR 25.) An ALJ is permitted to consider whether a claimant's daily activities are inconsistent with disabling limitations. Bunnell, 947 F.2d at 345-46. Here, the ALJ noted Claimant could perform most personal grooming activities, prepare simple meals, perform some household chores, and occasionally shop. (AR 19, 20, 25.) He drives a vehicle and can go places alone. (AR 19.) He occasionally goes out to eat and to the movies. (AR 19.) He also overexerted himself after cutting down trees in the yard. (AR 19.) The ALJ found that Claimant engaged in a greater level of activities than expected, such as gardening, climbing ladders, and exercising at the gym. (AR 19, 20, 23.) The ALJ found Plaintiff's subjective complaints less than fully credible. (AR 24.)

Plaintiff disagrees with the ALJ's interpretation of the evidence of record but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039; Burch, 400 F.3d at 681 (although the evidence may admit of an interpretation more favorable to the claimant, ALJ's interpretation was rational and must be upheld).

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

### III. THE ALJ'S NONSEVERITY DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ erred in finding that Plaintiff's right shoulder tendonitis is nonsevere. The Court disagrees.

At step two of the sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. Bowen, 482 U.S. at 140-41. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. The ALJ, however, must consider the combined effect of all the claimant's

impairments on his ability to function, regardless of whether each alone was sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

The step two determination is a de minimis screening device to dispose of groundless claims. Bowen, 482 U.S. at 153-54. An impairment or combination of impairments can be found nonsevere only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See SSR 85-28; Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2006); Smolen, 80 F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential process should not end at step two. Webb, 433 F.3d at 687 (adopting SSR 85-28).

Here, the ALJ found that Plaintiff's medically determinable impairment of right shoulder tendonitis would have no more than a minimal effect on his ability to work. (AR 17.) The ALJ stated, "This condition was being managed medically and should be amenable to proper control by adherence to recommended medical management and medication compliance." (AR 17.) The ALJ also stated, "No aggressive treatment was recommended or anticipated for this condition." (AR 18.) The ALJ's conclusion that Plaintiff's right shoulder tendonitis is non-severe is supported by Dr. Moazzaz' January 25, 2014 report which found that range of motion of Plaintiff's shoulders and elbows are within normal limits, and Plaintiff can lift and carry 20 pounds and can perform overhead activities on an unrestricted basis. (AR 22, 24, 271, 273.) The State agency medical consultants reached similar conclusions, including a specific finding that the alleged shoulder problem and elbow tendonitis are not supported by examination. (AR 80.) The ALJ properly discounted any limitations beyond the ALJ's RFC proffered by Dr. Dobyns. (AR 24.)

In challenging the ALJ's nonseverity finding, Plaintiff relies on two treatment notes, neither of which undermines the ALJ's finding. On September 18, 2012, before the alleged onset date of December 15, 2013 (AR 15), Dr. Dobyns reports Plaintiff's subjective allegation of

right shoulder pain but on physical examination reported, "The right shoulder is without tenderness or discoloration," although there was some pain on elevation but no ligamentous laxity. (AR 265.) Dr. Dobyns reported an old 2007 MRI found rotator cuff tendonitis without any definite evidence of tear. (AR 265.) At the September 18, 2012 examination, Plaintiff declined Dr. Dobyns' recommendation of a new right shoulder MRI and continued on his medications. (AR 265.) Nothing in this treatment note undermines or is inconsistent with the ALJ's non-severity finding.

The second treatment note, dated January 21, 2015 (AR 357), reports Plaintiff's complaint of right shoulder pain but again Dr. Dobyns on examination found "no inflammation or swelling" but some tenderness. (AR 357.) X-rays showed moderate osteoarthritis but no abnormal calcifications or other abnormalities. (AR 357.) Dr. Dobyns referred Plaintiff for an MRI scan to assess for a "possible" rotator cuff tear. (AR 358.) Again, nothing in the treatment undermines or is inconsistent with the ALJ's nonseverity finding.

At best, Plaintiff has established the medically determinable impairment of right shoulder tendonitis. An impairment, however, does not by itself establish it is severe; the condition must interfere with his ability to work. See Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). Plaintiff has not presented any evidence to contest the ALJ's findings that Plaintiff's condition was being managed medically and amenable to control with medication, or the ALJ's finding that no aggressive treatment was recommended or anticipated. (AR 17-18.) Plaintiff, moreover, did not cite to any restrictions assessed by Dr. Dobyns or any other medical source. There is no evidentiary basis for challenging the ALJ's conclusion that Plaintiff's right shoulder tendonitis would have no more than a minimal effect on his ability to work. (AR 17.)

Again, it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ's nonseverity determination regarding Plaintiff's right shoulder tendonitis is supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: January 13, 2017

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE